

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Bong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bong v. Atty Gen USA" (2005). *2005 Decisions*. Paper 959.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/959

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2067

———

LINAWATI BONG;
ANDREAS KOSIM;
SYLVIA PRECIOUS VENLIANTY,
                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES[1]

                        Respondent.

———

On petition for review of a final order
of the Board of Immigration Appeals
File Nos: A95-161-372, A95-161-373, A95-161-374

———

Submitted pursuant to Third Circuit LAR 34.1(a)
on April 21, 2005

Before: ROTH, FUENTES,
and STAPLETON, *Circuit Judges*

(Filed: June 27, 2005 )
_____

OPINION OF THE COURT
_____

——————————

[1]Caption amended pursuant to Fed. R. App. Pro. 43(c).

1

Fuentes, *Circuit Judge*.

Petitioner Linawati Bong[2] appeals the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA's decision was supported by substantial evidence, we will affirm.

I.

As we write only for the parties, we recite only the essential facts. Bong alleges that she is Christian and of Chinese descent, and that these groups are persecuted in Indonesia. Bong bases her asylum claim on two incidents. First, in May 1998, a group of about four persons broke into her home by force, shouted ethnic slurs at Bong and her husband, and then beat them and robbed them. After she regained consciousness, Bong's husband called various relatives and then arranged for a taxi to take them to a hospital. A policeman came to the hospital to interview them. Second, in October 2000, Bong allegedly was robbed again, in her car, while stuck in a traffic jam on the way back from church. Half of the members of her church were allegedly attacked. Bong claims that her assailants identified her as Christian based on a Bible visible in the backseat of her car. Bong further alleges that she and her husband had the car windows repaired but that the car was later stolen.

_____

[2]Bong is the lead petitioner. The claims of her husband and child are derivative.

Bong left Indonesia in January 2001.  Although she lawfully entered the United States, she remained in the country longer than she was authorized to stay, and the Immigration and Nationalization Service (INS) commenced removal proceedings against her in December 2001.  Bong conceded removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), but filed the instant claims for asylum, withholding of removal and protection under CAT.  The IJ rejected Bong's claims in September 2002 and the BIA affirmed in March 2004.

II.

We review the BIA and IJ's decisions under the substantial evidence standard.  <u>See</u> <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002).  We conclude that the IJ's decision, and the BIA's affirmance of it, were supported by a number of factors which together amply support their conclusions.

Although the IJ never explicitly found Bong's testimony incredible, she implied as much.  First, with respect to the 1998 robbery, the IJ questioned how the individuals who attacked and robbed Bong in her home knew that she was Chinese since there is no evidence that she lived in a Christian area.  Second, with respect to the 2000 robbery, the IJ noted that Bong is not consistent about either the date or the number of attackers involved in the 2000 incident.  The IJ also questioned why half of Bong's church congregation would be stuck together in a traffic jam five to ten minutes away from their church.  More generally, the IJ doubted that the Indonesian police were "vicious" toward

3

Christians and Chinese and tolerated the attacks against them since Bong sought their assistance after both incidents and the police responded both times. Finally, the IJ observed that Bong intentionally did not attempt to collect any corroborating evidence (e.g., hospital reports, police reports, affidavits from family or church members, or evidence that Bong ever owned a car), even though Bong presumably had access to such documents since she remains in frequent contact with people in Indonesia. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (noting that "the BIA may sometimes require [applicants] to supply corroborating evidence in order to meet their burden of proof"). In light of these findings, the IJ held that, even to the extent events took place as Bong narrated them, Bong was probably robbed for her possessions and not targeted for her group membership. The IJ's refusal to fully credit Bong's factual allegations was reasonable and must be upheld. See 8 U.S.C. § 1252(b)(4)(B); Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

Bong and her family continued living in their home after the 1998 robbery, until 2001. Their Christian, ethnically Chinese family members continue to live in Indonesia without problems. Noting that circumstances have changed since the 1998 anti-Chinese riots, both the IJ and the BIA reasonably determined that, though there is ongoing conflict between Muslims and Christians in certain regions, the government of Indonesia is neither unwilling nor unable to control it. See 8 C.F.R. § 208.13(b)(1)(i)(A).

Bong has not shown that Christians or Chinese are subject to persecution in

4

Indonesia such that she faces a reasonable possibility of harm upon her return. But even if Bong's fears were justified, the IJ reasonably could have rejected Bong's claims on the grounds that Bong refuses to consider relocating within Indonesia, e.g. to an area with a concentrated Christian population. See 8 C.F.R. § 208.13(b)(1)(i)(B), (2)(ii).

Bong's CAT claim would fail for reasons similar to those discussed above, but as she fails even to argue that claim on appeal, she has effectively waived it. See Wisniewski v. Johns-Mansville Corp., 812 F.2d 81, 88 (3d Cir.1987) ("An issue that is not addressed in an appellant's brief is deemed waived on appeal.").

For all the foregoing reasons, we will deny the petition for review.

———